UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JEFERSON V. G., | : | |
| Petitioner, | : | Civ. No. 20-3644 (KM) |
| v. | : | |
| THOMAS DECKER, *et al.*, | : | **OPINION** |
| Respondents. | : | |

**KEVIN MCNULTY, U.S.D.J.**

## I.   INTRODUCTION

Petitioner, Jeferson V. G.,[1] is an immigration detainee currently held at the Hudson County Correctional Center ("HCCC"), in Kearny, New Jersey. He is proceeding by way of counsel with an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (DE 22-1.) Having granted a temporary restraining order, Now before the Court is the Petitioner's request for a preliminary injunction. (DE 40.) For the reasons set forth below, a preliminary injunction will be granted. This opinion incorporates by reference my prior opinion granting temporary injunctive relief, supplementing only as necessary.

## II.   BACKGROUND

Petitioner previously filed a Motion for an Order to Show Cause, Preliminary Injunction, and Temporary Restraining Order ("TRO") seeking his release from custody. (DE 30). On April 15, 2020, I granted Petitioner's request for a TRO, finding that he had shown a likelihood of success on his conditions of confinement claim and that he would more likely than not face

---

[1] Consistent with guidance regarding privacy concerns in social security and immigration cases by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, Petitioner is identified herein only by his first name and last initial.

irreparable harm if his detention continued. (DE 36; DE 37.) I subsequently scheduled a hearing to determine whether the TRO should be converted into a preliminary injunction. (DE 36; DE 37.) The submitted supplemental briefs and affidavits, and presented oral argument on May 4, 2020. (DE 40; DE 41; DE 42; DE 44-3.)

### A. Petitioner's Background

Petitioner is a 19-year-old native and citizen of El Salvador. (DE 5-12 at 1.) He arrived in the United States in July 2015, fleeing gang violence in his home country. (DE 22-1 at 3; DE 5-6 at 3.) On March 20, 2020, an immigration judge issued an opinion granting Petitioner relief under the Convention Against Torture. (DE 5-1.) Immigrations and Customs Enforcement ("ICE") appealed the ruling and Petitioner remained detained pursuant to ICE's discretionary authority under 8 U.S.C. § 1226(a). (DE 32-1 at 61-65.)

Petitioner has been previously convicted of several nonviolent crimes, including criminal trespass, false personation, drinking alcohol in public, and possession of marijuana. (DE 5-12.)

Petitioner has suffered from asthma since he was 8 months old. (DE 5-14 at 3.) He has previously been hospitalized for his condition and he requires medication to treat it. (*Id.*) Petitioner states that he has had asthma attacks while he detained, and that at HCCC he is not permitted to keep his inhaler with him. (DE 42-1 at 2.)

### B. Conditions at HCCC

In their brief opposing a preliminary injunction, Respondents provide an updated declaration from Ron Edwards, the Direction of the Hudson County Department of Corrections and Rehabilitation. (DE 41-1.) This amended declaration largely confirms Mr. Edwards' prior declaration, but supplements and updates it. (*Compare* DE 41-1, *with* DE 32-1.) The amended declaration indicates that many detainees are housed by themselves, including detainees with

health conditions that have been identified by the CDC as placing them at higher risk of severe illness from COVID-19. (DE 41-1 at 4, 11–12.) Detainees are permitted outside of their cells for two 30-minute periods per day. (*Id.*) The area outside of the cells are "being cleaned continuously during a 16-hour period during the day." (*Id.* at 4–5.) Detainees are provided with two bars of soap each, and additional soap is available upon request. (*Id.* at 10.) Individuals have unlimited access to water and disinfectant wipes are available upon request. (*Id.*) All staff and detainees have been provided with surgical masks to wear. (*Id.* at 8, 12.)

The amended declaration also includes updated numbers of confirmed cases of COVID-19 at HCCC. (*Id.* at 11.) As of 1:00 p.m. on April 27, 2020, at this facility 10 detainees have tested positive, 27 county and federal inmates have tested positive, and 93 staff members have tested positive. (*Id.*) Thirty-four inmates and detainees who have tested positive for COVID-19 have made a full recovery. (*Id.*) Tragically, four staff members have died. (*Id.*)

Petitioner has provided his own declaration about the conditions at HCCC during the time he was detained. (42-1.) Prior to his release on April 16, 2020, he states, the facility was not being sanitized regularly. (*Id.* at 2.) Common areas were cleaned "around every three days." (*Id.*) He never saw HCCC personnel disinfecting high touch surfaces, such as the telephones. (*Id.*) Although the guards had access to disinfectant wipes, the guards would "only sometimes" provide them to the detainees when asked. (*Id.*) Additionally, Petitioner states that although the guards were all provided face masks, not all guards would wear them. (*Id.* at 3.)

### III.   LEGAL STANDARDS

To obtain a preliminary injunction, a petitioner must provide a "threshold" showing of two critical factors: (1) a likelihood of success on the merits of his claim; and (2) that he is "more likely than not to suffer irreparable harm in the absence of preliminary relief." *Reilly v. City of*

*Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017). A likelihood of success on the merits requires "a showing significantly better than negligible but not necessarily more likely than not." *See id.* Additionally, "[h]ow strong a claim on the merits is enough depends on the balance of the harms: the more net harm an injunction can prevent, the weaker the plaintiff's claim on the merits can be while still supporting some preliminary relief." *Id.* at 178 (quoting *Hoosier Energy Rural Elec. Coop., Inc. v. John Hancock Life Ins. Co.*, 582 F.3d 721, 725 (7th Cir. 2009)). If these two "gateway factors" are met, then the Court considers the remaining two factors which aim to balance the equities of the parties: "the possibility of harm to other interested persons from the grant or denial of the injunction," and "the public interest." *Id.* at 176 (quoting *Del. River Port Auth. v. Transamerican Trailer Transport, Inc.*, 501 F.2d 917, 919-20 (3d Cir. 1974)). The Court considers, "in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief." *Id.* at 179.

## IV.   DISCUSSION

Based upon the evidence presented, the conditions at HCCC do not appear to have substantially changed since I issued the order granting Petitioner's request for a TRO. It is not necessary to resolve factual disputes about, *e.g.,* how often surfaces are cleaned. The critical point is that the number of confirmed COVID-19 has continued to increase dramatically. (*Compare* DE 41-1, *with* DE 32-1.) The number of detainees infected with the virus has increased five-fold since the Court's prior opinion and 35 additional staff members have tested positive. (*Compare* DE 41-1, *with* DE 32-1.) Sadly, another staff member has died. (DE 41-1 at 11.)

I cite this evidence not in criticism of HCCC's efforts, which have been brave and sincere, but to indicate that difficulties adhering to CDC guidelines may still exist. In order to prevent the spread of COVID-19, the CDC recommends "social distancing" (staying at least six feet away

from others), wearing cloth face coverings when in public, regular disinfection of "frequently touched surfaces," and washing hands often with soap and water, among other practices. *See* Ctrs. for Disease Control and Prevention, *Prevent Getting Sick*, https://www.cdc.gov/coronavirus/2019-ncov/prevent-getting-sick/disinfecting-your-home.html (last visited May 11, 2020). Yet, Petitioner appears to still be unable to practice the measures "that have been touted as the most effective means to thwart the spread of the virus." *Rafael L.O. v. Tsoukaris*, Civ. No. 20-3481, 2020 WL 1808843, at *8 (D.N.J. Apr. 9, 2020). Meanwhile, Petitioner's medical condition remains the same. (DE 42-1.) His asthma places him at higher risk of serious illness if he contracts COVID-19. *See* Ctrs. for Disease Control and Prevention, *Groups at Higher Risk for Severe Illness*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (last visited May 11, 2020).

   Given these considerations and the evidence presented, I find that nothing in the record before the Court alters my prior decision. The ever-increasing number of cases has only enhanced Petitioner's likelihood of success on the merits of his conditions of confinement claim; the irreparable harm in the form of danger to his health, given his medical vulnerability, has if anything increased. I recognize that Respondents have a legitimate interest in enforcing immigration laws, ensuring Petitioner does abscond, and protecting the public. At the same time, the harm to Petitioner if he remains detained is high; he has already been granted relief under CAT; and he has strong disincentives to flee or get in trouble with the law. Thus, I believe Respondents' concerns and Petitioner's interests can be balanced with appropriate conditions of release. The specific conditions of his release are set forth in the Order accompanying this Opinion, which adopts the government's proposed order (DE 42-2).

## V. CONCLUSION

For the foregoing reasons, Petitioner's request for a preliminary injunction (DE 40) will be granted. An appropriate Order accompanies this Opinion.

DATED: May 11, 2020

/s/ Kevin McNulty

KEVIN MCNULTY
United States District Judge