UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JEFERSON V. G., | : |
| Petitioner, | : Civ. No. 20-3644 (KM) |
| v. | : |
| THOMAS DECKER, *et al.*, | : **OPINION** |
| Respondents. | : |

**KEVIN MCNULTY, U.S.D.J.**

## I.   INTRODUCTION

Petitioner, Jeferson V. G.,[1] is an immigration detainee currently held at the Hudson County Correctional Center ("HCCC"), in Kearny, New Jersey. He is proceeding by way of counsel with an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (DE 22-1.) Petitioner was previously granted a preliminary injunction which is set to expire on June 19, 2020. (DE 46; DE 47.) Presently before the Court is Petitioner's request for an extension of that injunction and continuation of his release from custody on conditions. (DE 48.) For the reasons set forth below, Petitioner's request will be granted. This opinion incorporates by reference my prior opinion granting injunctive relief, supplementing only as necessary.

On April 7, 2020, Petitioner filed a Motion for an Order to Show Cause, Preliminary Injunction, and Temporary Restraining Order ("TRO") seeking release from custody based on the danger of COVID-19 infection while incarcerated at HCCC. (DE 30). On April 15, 2020, I granted

---

[1]   Consistent with guidance regarding privacy concerns in social security and immigration cases by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, Petitioner is identified herein only by his first name and last initial.

Petitioner's request for a TRO, finding that he had shown a likelihood of success on his conditions of confinement claim and that he would likely suffer irreparable harm if his detention continued. (DE 36; DE 37.) I subsequently scheduled a hearing to determine whether the TRO should be converted into a preliminary injunction. (DE 36; DE 37.) Following oral argument, I granted Petitioner's request for a preliminary injunction which would remain in effect until today, June 19, 2020. (DE 46; DE 47.) Petitioner now seeks to have the injunction extended. (DE 48.)

Since Petitioner's temporary release pursuant to this Court's order, he has complied with all conditions of his release. (DE 48 at 3.) He remains under ankle bracelet monitoring and telephonic monitoring with ICE as required. (*Id.*) Respondents nevertheless argue that the preliminary injunction should not be extended, because conditions have eased in the HCCC. (DE 49.)

Respondents have provided an updated declaration from Ron Edwards, the Director of the Hudson County Department of Corrections and Rehabilitation. (DE 49-1.) This amended declaration incorporates the information from prior submitted declarations of Mr. Edwards, but supplements and updates it. (*Compare* DE 41-1, *with* DE 49-1.) Developments are heartening; I commend the efforts of the professionals at HCCC under extremely trying conditions. Without in any way criticizing those efforts, I must observe, however, that a certain level of danger remains.

The most notable recent developments relate to more widespread testing of inmates and detainees and changes in the number of confirmed COVID-19 cases. (*Compare* DE 41-1 at 11, *with* DE 49-1 at 11.)

After the preliminary injunction was issued, there was an increase in the number of confirmed COVID-19 cases among detainees and correctional staff.[2] (*Id.*) Tragically, another staff member has died of complications from COVID-19. (*Id.*) Among detainees and inmates, however, there have not been any new positive test results in the last four weeks. (DE 49-1 at 11.) Among the staff, there have not been any positive test results for the last three weeks. (*Id.*)

As related earlier, testing was being done, but not systemwide. Mr. Edwards states that eleven days ago, on June 8, 2020, he exercised his discretion as Director to order that the entire inmate population be tested for COVID-19. (*Id.* at 12.) He states that of the 692 detainees and inmates housed at HCCC, 171 have tested negative and 144 have been tested but are still awaiting results. Approximately 44 have tested positive (but not, as noted, in the last four weeks).[3] (*Id.* at 12.) Mr. Edwards projects that "fully tested and clean housing tiers" will be accomplished by the end of June 2020. (*Id.*)

I do not repeat here the familiar four factors for preliminary injunctive relief. For the following reasons, I find that the circumstances — likelihood of success and of irreparable harm — have not yet changed sufficiently to merit termination of the Petitioner's release status.

I note laudable efforts and a positive trend of no new infections. That trend, however, has a track record of only three to four weeks, and testing is incomplete.[4] The goal of "fully tested and clean housing tiers," hoped for by the end of June, has not yet been accomplished. I do note, however, that fears of a second wave of infections remain largely speculative at this point.

---

[2] It may not be possible to determine the extent to which any increase in reported cases is simply an artifact of additional testing.

[3] 171 + 144 + 44 would equal a total of 359 inmates tested. The affidavit, however, states a total of 395. Whether that reflects a transposition of digits, or duplicate tests of a single inmate, or something else, is unclear.

[4] I set aside the facts that, although testing is a valuable tool, no 100% reliable test for COVID-19 infection is currently available, and asymptomatic individuals may nevertheless spread the infection.

The Centers for Disease Control ("CDC") and the White House continue to urge medically vulnerable individuals, including those who, like Petitioner, suffer from asthma, to shelter in place and take special precautions, even as States, including New Jersey, begin cautiously to reopen public facilities. (DE 48 at 1); *see also* The White House, *Opening Up America Again*, https://www.whitehouse.gov/openingamerica/ (last visited June 19, 2020) (stating that "[a]ll vulnerable individuals should continue to shelter in place" and listing those with asthma as vulnerable).

Petitioner thus remains a medically vulnerable individual. *See* Ctrs. for Disease Control and Prevention, *Groups at Higher Risk for Severe Illness*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (last visited June 19, 2020). Prematurely re-detaining such an individual would place him at higher risk for severe illness or death if infected by COVID-19. (*See* DE 48 at 2, citing Declarations of Dr. Lauren Brinkley-Rubinstein and Dr. Greg Gonsalves, filed in *Cristian A.R. v. Decker*, Civ. No. 20-3600, as docket entries 33-3 and 33-4.) Dr. Brinkley-Rubinstein explains:

> [U]nless a facility tests all detained persons and staff on a regular basis using a reliable test, it is not possible to discern whether there continue to be live cases of COVID-19 due to the high percentage of asymptomatic carriers and the risk that individuals will not report their symptoms due to the fear of being placed in solitary confinement.

(Brinkley-Rubinstein Decl. ¶ 13, *Cristian A.R.* DE 33-4 at 2–3.)

In light of all these considerations, I adhere to my prior ruling; I continue to find that Petitioner has demonstrated a likelihood of success on the merits of his conditions of confinement claim and that there remains an unacceptable risk of irreparable harm in the form of danger to his health if he is re-detained. As to the remaining preliminary injunction factors, as before, I recognize Respondents' legitimate interest in enforcing immigration laws, ensuring Petitioner does not

4

abscond, and protecting the public. Still, Petitioner has now compiled a record of compliance with conditions of release, and he has strong disincentives to flee or get in trouble with the law, particularly in light of his pending application for asylum. Respondents' concerns and Petitioner's interests can be balanced by continuing with the conditions of release previously imposed. The details of those conditions are set forth in the Order accompanying this Opinion.

## II. CONCLUSION

For the foregoing reasons, Petitioner's request for an extension of the preliminary injunction (DE 48) will be granted. An appropriate Order accompanies this Opinion.

DATED: June 19, 2020

/s/ Kevin McNulty
_____
KEVIN MCNULTY
United States District Judge