## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____

JEFERSON V. G.,                          :
                                         :
              Petitioner,                :        Civ. No. 20-3644 (KM)
                                         :
     v.                                  :
                                         :
THOMAS DECKER, *et al.*,                  :        **OPINION**
                                         :
              Respondents.               :
_____  :

**<u>KEVIN MCNULTY, U.S.D.J.</u>**

## I.     INTRODUCTION

Petitioner, Jeferson V. G.,[1] is an immigration detainee currently held at the Hudson County Correctional Center ("HCCC"), in Kearny, New Jersey. He is proceeding by way of counsel with an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (DE 22-1.) Petitioner was previously granted a preliminary injunction, and a subsequent extension of that injunction, which is set to expire on September 29, 2020. (DE 50; DE 51.) Presently before the Court is Petitioner's second request for an extension of his preliminary injunction and a continuation of his release from custody on conditions. (DE 54.) Respondents oppose the request. (DE 56.) For the reasons set forth below, Petitioner's request will be granted. This opinion incorporates by reference my prior opinions granting injunctive relief, supplementing only as necessary.

## II.    PROCEDURAL HISTORY

On April 7, 2020, Petitioner filed a Motion for an Order to Show Cause, Preliminary Injunction, and Temporary Restraining Order ("TRO") seeking release from custody based on the

---

[1]      Consistent with guidance regarding privacy concerns in social security and immigration cases by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, Petitioner is identified herein only by his first name and last initial.

danger of COVID-19 infection while incarcerated at HCCC. (DE 30). On April 15, 2020, I granted Petitioner's request for a TRO, finding that he had shown a likelihood of success on his conditions of confinement claim and that he would likely suffer irreparable harm if his detention continued. (DE 36; DE 37.) I subsequently scheduled a hearing to determine whether the TRO should be converted into a preliminary injunction. (DE 36; DE 37.) Following oral argument, I granted Petitioner's request for a preliminary injunction which would remain in effect until June 19, 2020. (DE 46; DE 47.) On June 15, 2020, Petitioner filed for an extension of his preliminary injunction, which I subsequently granted.  (DE 48; DE 50; DE 51.) That injunction is set to expire today, September 29, 2020. On September 15, 2020, Petitioner again requested an extension of his preliminary injunction. (DE 54.)  Respondents oppose the request. (DE 56.)

### III.    ANALYSIS

The United States Court of Appeals for the Third Circuit has held that, "[m]odification of an injunction is proper only when there has been a change of circumstances between entry of the injunction and the filing of the motion that would render the continuance of the injunction in its original form inequitable." *Favia v. Indiana Univ. of Pennsylvania*, 7 F.3d 332, 337 (3d Cir. 1993) (citing *Merrell-Nat'l Labs., Inc. v. Zenith Labs., Inc.*, 579 F.2d 786, 791 (3d Cir. 1978)).  In the instant case, Petitioner argues that the conditions at HCCC continue to pose a deadly and unconstitutional risk to his health. (DE 54 at 2.) He submits that HCCC has also recently seen an "alarming uptick in [COVID-19] infections" and states that as recently as August 21, 2020, HCCC accepted pre-trial detainees into its facility despite knowing those individuals had tested positive for COVID-19. (*Id.* at 2.) Petitioner also emphasizes that he has complied with all of the Court's conditions of release, as well as "all additional [Immigrations and Customs Enforcement] directives." (*Id.*)

Respondents submit, however, that the Third Circuit's recently issued decision in *Hope v. Warden York Cty. Prison*, -- F.3d --, 2020 WL 5001784 (3d Cir. Aug. 25, 2020), and HCCC's efforts to slow the spread of COVID-19 militate against extending the preliminary injunction. (DE 56 at 1.)  Respondents highlight that as of September 21, 2020, there are no active cases among inmates, detainees, or staff at HCCC and that, given these circumstances, Petitioner cannot demonstrate that his conditions of confinement violate the Constitution. (*Id.* at 2; DE 56-1 at 10.)[2]

As Respondents indicate, the Third Circuit recently addressed immigration detainees' conditions of confinement claims during the COVID-19 pandemic. *See Hope*, 2020 WL 5001785, at *8–11. In *Hope,* the Third Circuit held that a court must examine "the totality of the circumstances" in order to determine whether conditions of confinement are rationally related to a legitimate governmental purpose, or whether they are excessive in relation to that purpose. *Id.* at *9 (citing *Hubbard v. Taylor*, 399 F.3d 150, 159–60 (3d Cir. 2005)). The Court of Appeals underscored the need for courts to recognize the "legitimate objectives and difficulties of managing a detention facility" and the fact that an immigration detainee "simply does not possess the full range of freedoms of an unincarcerated individual." *Id.* (internal quotation marks and citation omitted).  The Third Circuit also emphasized the "multiple legitimate governmental objectives, including: (1) ensuring Petitioners' appearances at removal proceedings; (2) protecting the public; and (3) managing the detention facilities." *Id.* With the Third Circuit's framework in mind, I turn to the circumstances present in the instant case.

Here, the Court is mindful of the great strides HCCC has taken to protect its inmates and detainees during the current pandemic. I have detailed in my prior opinions the numerous measures

---

[2]      In support of their position, Respondents have provided an updated declaration from Ronald Edwards, the Director of the Hudson County Department of Corrections and Rehabilitation. (DE 56-1.) This amended declaration incorporates the information from prior submitted declarations of Mr. Edwards, but supplements and updates it. (*Compare* DE 41-1, DE 49-1, *with* DE 56-1.)

the facility has implemented to combat the spread of COVID-19 and I incorporate them by reference here. (*See* DE 36 at 6–7; DE 46 at 2–3; DE 50 at 2–3.) HCCC's efforts are laudable and it is heartening that as of September 21, 2020, there are no known cases of COVID-19 within the facility. At the same time, I do note Petitioner's contention that recently HCCC knowingly accepted individuals with confirmed COVID-19 into its facility. (DE 54 at 2); *see also* Peter D'Auria, *Hudson County jail sees two new COVID-19 cases, the first since May* (Aug. 21, 2020), https://www.nj.com/hudson/2020/08/hudson-county-jail-sees-two-new-covid-19-cases-the-first-since-may.html. Respondents did not address this issue in their reply and it is unclear whether HCCC is continuing to accept inmates and detainees who have tested positive for COVID-19.

Meanwhile, Petitioner remains medically vulnerable. *See* Ctrs. for *Disease* Control and Prevention, *Groups at Higher Risk for Severe Illness*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (last visited Sept. 29, 2020); *see also* The White House, *Opening Up America Again*, https://www.whitehouse.gov/openingamerica/ (last visited Sept. 29, 2020) (stating that "[a]ll vulnerable individuals should continue to shelter in place" and listing those with asthma as vulnerable individuals). As I stated in my prior opinion granting Petitioner's first request for an extension:

> Prematurely re-detaining such [a medically vulnerable] individual would place him at higher risk for severe illness or death if infected by COVID-19. (*See* DE 48 at 2, citing Declarations of Dr. Lauren Brinkley-Rubinstein and Dr. Greg Gonsalves, filed in *Cristian A.R. v. Decker*, Civ. No. 20-3600, as docket entries 33-3 and 33-4.) Dr. Brinkley-Rubinstein explains:
>
> > [U]nless a facility tests all detained persons and staff on a regular basis using a reliable test, it is not possible to discern whether there continue to be live cases of COVID-19 due to the high percentage of asymptomatic carriers and the risk that individuals will not report their symptoms due to the fear of being placed in solitary confinement.

(Brinkley-Rubinstein Decl. ¶ 13, *Cristian A.R.* DE 33-4 at 2–3.)

(DE 50 at 4.)

Furthermore, while recognizing the government's multiple legitimate objectives in Petitioner's detention, I note that he has also been granted relief under the Convention Against Torture by an Immigration Judge. (DE 5-1.) It is only because the Government is appealing that decision that Petitioner's detention remains authorized pursuant to ICE's discretionary authority under 8 U.S.C. 1226(a). The Petitioner has been compliant with all of the Court's ordered conditions of release. To all appearances, the government's legitimate interests are being adequately served.

Given the foregoing, whether or not I would today grant the injunction as an original matter, I find no sufficient basis to disturb the status quo. I do not find that there "has been a change of circumstances between entry of the injunction and the filing of the motion that would render the continuance of the injunction in its original form inequitable." *Favia*, 7 F.3d at 337. At this time, I will grant Petitioner an extension of his preliminary injunction with the conditions of release previously imposed.

## IV.    CONCLUSION

For the foregoing reasons, Petitioner's request for an extension of the preliminary injunction (DE 54) will be granted. An appropriate Order accompanies this Opinion.

DATED: September 30, 2020

/s/ Kevin McNulty
_____
KEVIN MCNULTY
United States District Judge

5